1PATRICIA RIVET MURRAY, Judge.
Defendant, Mrs. Ngot Tran, appeals the judgment of the trial court, which found her liable for negligent misrepresentation and awarded damages to the plaintiffs, Mrs. Tuat Nguyen and Mrs. Chi Nguyen. For the reasons that follow, we affirm.
Plaintiffs sued Mrs. Tran seeking rescission of an oral contract confected in April, 1998, whereby plaintiffs purportedly purchased from Mrs. Tran a business known as “Seafood City.” In their petition, plaintiffs alleged that as a result of Mrs. Tran’s fraudulent misrepresentation to them that she owned the business and other pertinent misrepresentations by her, they were evicted from the leased premises on which they were operating Seafood City in February, 1999, were forced to abandon the business, and suffered monetary damages.
The matter was tried to the district court without a jury on December 18-21, 2000. On March 22, 2001, with the parties present, the trial court dictated its judgment and extensive reasons for judgment into the record. The court found that the agreement between the parties was not subject to rescission on grounds of error Ror fraud, but held that it could be rescinded for negligent misrepresentation. Recognizing that the plaintiffs had derived some benefit from the contract, the court awarded $141,000 in damages against Mrs. Tran, which amount is equal to sixty percent of the amount the plaintiffs paid for the business.
There was significant disagreement among the parties as to the facts of this case both at trial and in the appellate court. Because we find no manifest error in the facts as determined by the trial court, we adopt those facts, which are as follows.
At a meeting in April 1998 at the home of Mrs. Tran, the parties entered into an oral agreement whereby the plaintiffs, Mrs. T. Nguyen and Mrs. C. Nguyen, agreed to purchase from Mrs. Tran for $245,000 the business known as Seafood City, including all its inventory and equipment. The business, located at 5769 Crowder Boulevard, had been in operation for two months. The trial court found that Mrs. Tran led the plaintiffs to believe that she owned the business. $235,000 of the agreed-upon price was ultimately paid, the bulk of it in cash, delivered to Mrs. Tran at her home in May of 1998; the payment also included two checks for $5,000 each made out to Mrs. Tran.
There were other people besides the plaintiffs and Mrs. Tran present at the April meeting, including the husband of plaintiff C. Nguyen, the brother of plaintiff *64 T. Nguyen, and several members of Mrs. Tran’s family. The only written document given to the plaintiffs at the meeting was a copy of the lease for the premises; however, the lease was written in English, which the plaintiffs could not |3read. Mrs. T. Nuyen’s brother, who testified that he could read English “somewhat,” did not attempt to read the lease.
The lease, which was introduced into evidence, reflected that on September 1, 1997, for a period of sixty months, Mr. Scott Wolfe leased the premises at 5769 Crowder Boulevard to Twin’s Anchor, Inc. Twin’s Anchor, Inc. was, in fact, owned by the daughter and son-in-law of Mrs. Tran, Tami and Tuyen Nguyen. The lease provided for a total rental of $150,000 for the five-year term ($2,500 per month), required the lessee to escrow each month an amount equivalent to one-twelfth of the anticipated taxes for the year, and prohibited the lessee from subletting the premises without the written consent of the lessor. An addendum to the lease gave the lessor the exclusive right to put video poker gaming devices on the premises, and stated that if the lessee personally or his business failed to qualify for a video poker license within six months of operation, the rent would increase to $3,500 per month.
Despite the terms of the lease, the trial judge found that the plaintiffs in making the agreement relied on several assertions made by Mrs. Tran, whom they had known as a friend for many years. These assertions included that Mrs. Tran was the owner of the business; that she had or would obtain the landlord’s approval of the plaintiffs as sublessees; that video poker machines would be installed within a few weeks of the sale; and that she would personally handle the landlord and the lease obligations; that the business typically grossed $5,000 to $6,000 per day in Usales; and that all the equipment was in good working order and under warranty. The plaintiffs accepted these assertions without attempting to verify them.
Once the plaintiffs began operating Seafood City, they became dissatisfied because the sales never approached the level indicated by Mrs. Tran, the equipment broke down repeatedly, and no video poker machines were ever installed. Although Mrs. Tran’s witnesses claimed that she applied for the video poker license in July of 1998, it was never granted. Therefore, in October of 1998, the landlord, Mr. Wolfe, increased the rent to $3500 per month. Because during the time they operated the business, the plaintiffs paid the rent to Mrs. Tran who then paid Mr. Wolfe, the trial court found that “months went by” before the landlord realized that the premises had been sublet. On January 22, 1999, Mr. Wolfe sent a letter to Twin’s Anchor, Inc., stating that the rent was being increased by $400 per month to cover the property taxes. Plaintiffs refused to pay this amount, and testified that Mrs. Tran then agreed to pay the taxes. However, on February 25, 1999, Mr. Wolfe sent Mrs. T. Nguyen a certified letter informing her she was being evicted. Plaintiffs attempted to return the keys to Mrs. Tran, but she refused to accept them. Plaintiffs then left the keys at Mrs. Tran’s home and abandoned Seafood City, leaving the inventory and equipment in the store. Mrs. Tran’s son-in-law, Mr. Tuyen Nguyen, subsequently sold Seafood City, including the inventory and equipment, to Mr. Wolfe.
At trial, plaintiffs sought rescission of the contract and damages. Mrs. Tran argued that plaintiffs had no cause of action against her for rescission because there |Rwas no sale by her. She asserted that she could not have sold Seafood City to the plaintiffs because she did not own it; her daughter and son-in-law owned it, and she *65 had merely negotiated the sale for them. The trial court found that because Mrs. Tran held herself out as the owner, rescission was an appropriate remedy.[1] Nevertheless, the court held that the contract could not be rescinded on the ground of error, because it found the plaintiffs guilty of inexcusable neglect in failing to undertake even the most rudimentary investigation of Mrs. Tran’s assertions.[2] Similarly, the court found that the contract could not be rescinded for fraud, as the law is that fraud does not vitiate consent to an agreement when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience or special skill.[3] Although the jurisprudence recognizes an exception to this rule when there is a “relation of confidence” between the opposing parties, the trial court determined that no such relationship existed between the plaintiffs and Mrs. Tran [4]; therefore, the plaintiffs had a duty to attempt to ascertain the truth, which they could have done easily, before agreeing to purchase the business.
After holding that the contract could not be rescinded for error or fraud, however, the trial court concluded that it could be rescinded on the basis of negligent misrepresentation. The court found that because there was privity of | (¡contract between the parties, Mrs. Tran had a legal duty to provide correct information to the plaintiffs; that she breached that duty by making misrepresentations regarding the ownership, the lease, the level of sales, and the condition of the equipment of Seafood City; and finally, that her breach caused the plaintiffs to suffer damages, for which she was liable under Civil Code article 2315. Declining to award non-pecuniary damages, attorney fees or lost profits, the trial court assessed as damages sixty percent of the $235,000 paid by the plaintiffs for the business, or $141,000. The trial court reasoned that although the plaintiffs clearly had derived some monetary benefit from operating seafood City for eight months, they were nevertheless entitled to recoup the damages they incurred because of Mrs. Tran’s misrepresentations. The trial court specifically noted that the lower-than-expected level of sales combined with the higher rent and taxes made it economically unfeasible for the plaintiffs to continue to operate Seafood City and led to their ultimate eviction. Taking into account these factors, the trial court found that sixty percent of the purchase price was an accurate assessment of the damages due upon rescission of the contract.
On appeal, Mrs. Tran again contends that the plaintiffs’ action against her for rescission of the sale should have been dismissed as procedurally improper because she was not the owner of Seafood City, and the plaintiffs failed to sue the actual owner. She also argues that the trial court erred by holding that the plaintiffs were entitled to the contractual remedy of rescission based on the court’s finding of negligent misrepresentation, which is a tort; that the plaintiffs did not|7assert a claim for negligent misrepresentation; and that the trial court used an erroneous *66 measure of damages. In response, the plaintiffs/appellees assert that the trial court’s judgment was correct in all respects.
Applying the law to the facts as found by the trial court, we affirm the result reached by that court, but for different reasons. Mrs. Tran claimed that she was merely negotiating the sale on behalf of her daughter and son-in law, the true owners of the business, and they did not dispute this claim. However, the trial court found that Mrs. Tran represented herself as the owner to the plaintiffs. These facts indicate that Mrs. Tran was acting as the undisclosed agent, or mandatary, of the owners. Therefore, this case is properly resolved by referring to the law of mandate expressed in the Louisiana Civil Code.
The law does not require the contract of mandate to be in any particular form. La. Code Civ. Art. 2993. Regarding an undisclosed mandate, article 3017 states:
A mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for the performance of the contract.[5]
This article affords the plaintiffs a cause of action against Mrs. Tran personally, thus refuting her primary arguments on appeal: that rescission of the contract is not an appropriate remedy as to her, and that rescission is not an appropriate remedy for negligent misrepresentation. By failing to disclose that she was negotiating the sale on behalf of a corporation owned by her daughter and son-in-law, Mrs. Tran became personally liable to | sdeliver the ownership of Seafood City to the plaintiffs, which she could not do. The plaintiffs were thus entitled to rescission of the contract.
With regard to damages, Mrs. Tran argues that because rescission was not an appropriate remedy, it was wrong for the trial court to base the award on a percentage of the purchase price paid by the plaintiffs. She also asserts that plaintiffs failed to introduce sufficient evidence to prove they suffered an economic loss in the amount awarded by the trial court.
Because we have concluded that rescission was an appropriate remedy, we reject Mrs. Tran’s first argument. Concerning the effect of rescission, Louisiana Civil Code article 2018 provides, in pertinent part:
Upon dissolution of a contract, the parties shall be restored to the situation that existed before the contract was made. If restoration in kind is impossible or impracticable, the court may award damages.
The trial court clearly stated that its award was based upon the amount of the purchase price paid by the plaintiffs, less any benefit they had derived from operating Seafood City for eight months. The trial court’s approach, therefore, was an attempt to restore the plaintiffs to the situation in which they were before they made the agreement with Mrs. Tran, as is contemplated by article 2018. Moreover, we do not find the amount awarded to be unreasonable in light of the evidence, and therefore, we reject Mrs. Tran’s argument that the award is abusively high and should be lowered.
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.

. Significant to this determination, according to the trial court, was the fact that an uninterested witness testified that four years earlier, Mrs. Tran had tried to sell another Seafood City store, only revealing at the last minute that she was not the owner.

. See Scott v. Bank of Coushatta, 512 So.2d 356 (La.1987).

. See La. Civ.Code art.1954.

. See Lupo v. Lupo, 475 So.2d 402; Garner v. Hoffman, 638 So.2d 324(La.App. 4th Cir. 1994); Smith v. Frey, 703 So.2d 751(La.App. 4th Cir.1997).

. The effective date of Article 3017 is January l, 1998.